<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERARDO SANCHEZ, : <br> : <br> Plaintiff, : <br> : **Civil Action No. 11-597 (SRC)** <br> v. : <br> : **OPINION** <br> MANUEL CONTRERAS et al., : <br> : <br> Defendants. : <br> : <br> : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on the motion to dismiss by Defendants Manuel Contreras, National Development and Construction Corp., Nowell, Amoroso, Klein, Bierman, P.A., and Bradley M. Wilson. (collectively, "Defendants"). For the reasons stated below, the motion will be granted in part, and the case will be transferred to the United States District Court for the Southern District of New York.

On January 31, 2012, Plaintiff filed the Complaint in this Court. In brief, the claims asserted in the Complaint arise solely out of an ongoing case in the United States District Court for the Southern District of New York, Civil Action No. 11-730. The Complaint relates primarily to an allegation of filing a false document in that case. The Complaint asserts federal question jurisdiction, but also asserts claims under New York's General Business Law and New York's Judiciary Law. Defendants have filed a motion to dismiss in lieu of filing an Answer, as well as a motion for sanctions. Plaintiff has responded to the motion to dismiss with a cross-motion to disqualify Defendants' counsel in this case.

Defendants move to dismiss on a number of grounds, most of which this Court declines to address. This Court will, however, address Defendants' argument that, because of the first-filed rule, this Court should "abstain" from hearing this case and dismiss it. Plaintiff's opposition brief makes no response to this issue.

In the brief in support of the motion to dismiss, Defendants argue, *inter alia*, that this Court should abstain from hearing this case pursuant to the "first-filed" rule. Although this Court agrees neither with Defendants' reasoning nor their proposed remedy, this Court finds that Defendants do have a valid point, in that the policies underlying the first-filed rule support the transfer of this case to the United States District Court for the Southern District of New York.

Defendants invoke the first-filed rule, but that rule does not apply to the instant case:

> The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court "the power" to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court.

EEOC v. University of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988). The two cases do not share the same issues, and so the rule does not apply.

As the Third Circuit explained in EEOC, concerns for sound judicial administration and comity underlie the first-filed rule. The Fifth Circuit has explained comity as follows: "the principle of comity requires federal district courts – courts of coordinate jurisdiction and equal rank – to exercise care to avoid interference with each other's affairs." West Gulf Maritime Asso. v. ILA Deep Sea Local 24, etc., 751 F.2d 721, 728 (5th Cir. 1985). The dismissal sought by Defendants is not, however, the remedy best suited to promoting sound judicial administration and comity. The remedy best suited to promoting those policies is transfer to the Southern

District of New York.

Pursuant to 28 U.S.C. § 1404(a), a Court may transfer venue on its own motion.[1]  See Ferens v. John Deere Co., 494 U.S. 516, 530 (1990).  "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995).  Venue of federal court actions is governed by 28 U.S.C. § 1391.

The standard for proper venue depends on whether or not subject matter jurisdiction is based solely on diversity of citizenship.  See 28 U.S.C. § 1391(a) & (b).  The Complaint states that this Court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331.  The venue provision which applies in a federal question case provides that the action may be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Pursuant to § 1331, venue for this case is proper in both this district and in the Southern District of New York.  The Complaint alleges that a number of Defendants are citizens of the State of New Jersey, making venue proper under § 1331(b)(1).  The Complaint also alleges that a substantial part of the events giving rise to the Complaint occurred in the United States District

---

[1] One could debate whether this should be considered to be on Defendants' motion or the Court's own motion.  Because this Court has the authority to transfer a case on its own motion, the answer to this question is academic and immaterial.

Court for the Southern District of New York, making venue proper in the Southern District of New York, pursuant to § 1331(b)(2). As venue is proper in both districts, this Court may transfer this case pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party moving for a transfer of venue bears the burden of demonstrating that the balance of private and public factors weighs strongly in favor of transfer. Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508 (1947); Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

The Third Circuit has held that "[s]ection 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." Lafferty v. St. Riel, 495 F.3d 72, 76-77 (3d Cir. 2007). In exercising its discretion, the transferor court must evaluate whether a venue transfer would further the goals of § 1404(a), which are "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . ." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). This evaluation calls for this Court to balance various private and public interests related to the transfer. Jumara, 55 F.3d at 879. In Jumara, the Third Circuit provided a list of factors a district court should consider. The private interest factors are: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually

4

be unavailable for trial in one of the fora); and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum)." Id.  The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  Id. at 879-80.

In this case, the Court's consideration of the first private factor, Plaintiff's choice of forum, weighs only weakly against transfer to New York, a forum with a far stronger connection to the facts and to the Plaintiff.   While a plaintiff's choice of forum is typically given great weight in deciding a motion to transfer venue, the plaintiff's choice deserves less deference when he has not chosen his home forum.  Lony v. E.I. Dupont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989); see also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981) (holding, on motion to dismiss on grounds of forum non conveniens, that plaintiff's forum choice deserves less deference when he has not chosen his home forum).  Here, the Complaint alleges that Plaintiff is a citizen of New York.  This Court cannot discern in the Complaint any connection between Plaintiff and the state of New Jersey.  Moreover, a plaintiff's choice deserves little deference when the chosen forum has little connection to the facts underlying the claims.  See Wm. H. McGee & Co. v. United Arab Shipping Co., 6 F. Supp. 2d 283, 290 (D.N.J. 1997).

The third private factor also militates in favor of transfer.  The "locus of the alleged culpable conduct" determines the place where the claim arose.  Van Cauwenberghe v. Biard, 486 U.S. 517, 529 (1988).  The Complaint alleges that the culpable conduct occurred in New York.

5

The fourth private factor constitutes, at best, a neutral consideration. Plaintiff is located in New York, while Defendants are alleged to maintain residences and places of business in New Jersey, but close to Manhattan, site of the Southern District of New York.

Perhaps even more so, the public interest factors drive this Court's conclusion that the Southern District of New York would be a more appropriate forum. Unquestionably, transfer to the Southern District of New York promotes judicial economy and sound judicial administration. For greatest economy, the transferee district court may consider consolidating this action with the case that spawned it. That would be the most efficient outcome. Moreover, because the Complaint has raised issues of the substantive law of the state of New York, as well as New York's rules for attorney discipline, New York judges are in the best position to consider them. This case is so interconnected to the action in the Southern District that is inefficient to litigate it in this district.

The principle of comity counsels most strongly for transfer. Plaintiff's Complaint asks this Court, in effect, to sanction attorneys and parties who are currently litigating a case in another federal court for unlawful and unprofessional conduct. This raises substantial risks that each of the courts involved could end up interfering in the affairs of the other. Transfer minimizes that risk, since it enables consolidating the cases.

"Transfer analysis under Section 1404 is flexible and must be made on the unique facts presented in each case." Wm. H. McGee & Co., 6 F. Supp. 2d at 288 (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29–30 (1988)). This case presents a situation in which neither the Plaintiff nor the factual allegations have anything but the slightest and most insignificant connections to New Jersey. For the reasons set forth above, the Court in its discretion finds that

6

the case should be transferred to the Southern District of New York, pursuant to 28 U.S.C. § 1404(a).  The Court thus grants in part Defendants' motion to dismiss, to the limited extent that it is construed as seeking to have this Court avoid interference with the United States District Court for the Southern District of New York.  The Court declines to decide any other issues presented in the motion to dismiss, which should be decided by the transferee court.  All other pending motions may be considered by the transferee court after transfer.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: April 11, 2012